SEMNAR & HARTMAN, LLP
Bob Semnar (State Bar No. 224890)
Email:
bob@sandiegoconsumerattorneys.com
Jared M. Hartman (State Bar No. 254860)
Email:
jared@sandiegoconsumerattorneys.com
400 South Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 234-0881
Facsimile: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson (State Bar No. 290473)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (State Bar No. 258560)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson (State Bar No. 239458)
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHSAN AGHDASI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY INSURANCE GROUP, INC.<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ehsan Aghdasi (hereinafter referred to as "Plaintiff"),

individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Mercury Insurance Group (hereinafter referred to as "Mercury") in contacting Plaintiff and Class members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").  Mercury has violated the TCPA, the Federal Communication Commission rules promulgated thereunder,47 C.F.R. § 64.1200 ("Rules"), and California Business & Professions Code §§ 17200, et seq., the Unfair Competition Law ("UCL"), by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2.      Plaintiff brings this action for injunctive relief and statutory damages resulting from Mercury's conduct in violation of the TCPA, Rules, and UCL.

## JURISDICTION AND VENUE

3.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a multi-state class, which will result in at least one Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28

U.S.C. § 1331.

4.    This Court has personal jurisdiction over Mercury because Mercury Insurance Group is headquartered in California, is authorized to do business in California, and the conduct at issue occurred in or was directed toward individuals in the state of California and in other states.  Mercury has therefore established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of California.

5.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Mercury is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; the conduct at issue occurred in or was directed toward individuals in the state of California; and Mercury's contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

6.    Plaintiff Ehsan Aghdosi is an individual citizen of the State of California, who resides in Tarzana, California.

7.    Defendant Mercury Insurance Group is an insurance company headquartered in Los Angeles, California.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.    In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

12.    In the same Declaratory Ruling, the FCC emphasized that creditors and their third party debt collectors are liable under the TCPA for debt collection calls made on the creditors' behalf: "A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

CLASS ACTION COMPLAINT

1  Commission's rules."[6]

2  **FACTUAL ALLEGATIONS**

3      13.    At all times relevant, Plaintiff is, and at all times mentioned

4  herein was, a "person" as defined by 47 U.S.C. § 153(39).

5      14.    On or about October 24, 2014, Plaintiff was involved in an

6  automobile accident with another individual who was apparently insured by

7  Mercury at the time of the accident.

8      15.    After the car accident occurred, a debt collection company,

9  Claims Resource Services (hereinafter referred to as "CRS"), began robocalling

10 Plaintiff on behalf of Mercury in connection with the car accident. These calls were

11 made to Plaintiff's cellular telephone number, and consisted of repeated, harassing

12 autodialed and/or prerecorded calls.

13     16.    Plaintiff did not provide CRS or Mercury with his phone

14 number and never consented to receiving autodialed and/or prerecorded messages

15 from CRS or Mercury. Plaintiff provided his phone number to the other person

16 involved in the car accident. Plaintiff assumes that this person gave Mercury

17 Plaintiff's phone number, who, in turn, gave Plaintiff's phone number to its debt

18 collector, CRS.

19     17.    CRS dialed Plaintiff's phone number using an "automatic

20 telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or "an artificial

21 or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

22     18.    Plaintiff has no relationship, contractual or otherwise, with

23 Mercury or its collector CRS. Therefore, he could not have provided, and did not

24 provide, his prior express consent to receive prerecorded or automated calls from

25 Mercury or CRS on his cellular telephone.

26 ─────────────

27 [6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10); *accord In the Matter of The Joint Petition Filed by DISH Network, LLC, et al., for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules*, 2013 FCC LEXIS 2057, at *50 (F.C.C. May 9, 2013)

28 (¶ 38).

CLASS ACTION COMPLAINT

19.     Mercury is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

20.     CRS contacted Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

21.     The telephone numbers that CRS used to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Plaintiff did not provide "prior express consent" to Mercury or CRS that would have allowed CRS to place telephone calls to Plaintiff's cellular phone, on Mercury's behalf, utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

23.     CRS's telephone calls to Plaintiff's cellular phone on Mercury's behalf were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

24.     CRS's telephone calls to Plaintiff's cellular phone on Mercury's behalf utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

25.     The burden is on Mercury to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute.[7]

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

27.     Plaintiff proposes the following Class definition, subject to

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

CLASS ACTION COMPLAINT

amendment as appropriate:

> All persons within the United States who, on or after May __, 2011, received a non-emergency telephone call from or on behalf of Mercury to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who did not have a contractual relationship with Mercury and whose cellular phone number did not appear on any initial application for Mercury service.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Mercury and any entities in which Mercury has a controlling interest; Mercury's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

28. Plaintiff also proposes one Subclass, which consists of all Class members who are in California. In this Complaint, all references to "the Class" apply likewise to the Subclass.

29. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number, at minimum, in the thousands.

30. Plaintiffs and all members of the Class have been harmed by the acts of Mercury, because their privacy has been violated, and they were subject to annoying and harassing calls that constitute a nuisance.

31. This Class Action Complaint seeks injunctive relief and money damages.

32. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Mercury and/or its agents.

33. There are well defined, nearly identical, questions of law and

CLASS ACTION COMPLAINT

fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Mercury and/or its agents made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b. Whether Mercury can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

c. Whether Mercury's conduct was knowing and/or willful;

d. Whether Mercury is liable for damages, and the amount of such damages; and

e. Whether Mercury should be enjoined from engaging in such conduct in the future.

34. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA and UCL.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Mercury to comply with the TCPA and UCL. The interest of Class members in individually controlling the prosecution of separate claims against Mercury is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than

1    are presented in many class claims because the calls at issue are all automated and

2    the Class members, by definition, did not provide the prior express consent required

3    under the statute to authorize calls to their cellular telephones.

4            37.     Mercury has acted on grounds generally applicable to the

5    Class, thereby making final injunctive relief and corresponding declaratory relief

6    with respect to the Class as a whole appropriate.  Moreover, on information and

7    belief, Plaintiff alleges that the TCPA Rules, and UCL violations complained of

8    herein are substantially likely to continue in the future if an injunction is not

9    entered.

10   **CAUSES OF ACTION**

11   **FIRST COUNT – ON BEHALF OF THE CLASS AND SUBCLASS**

12   **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
13   **CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**

14           38.     Plaintiff incorporates by reference the foregoing paragraphs of

15   this Complaint as if fully stated herein.

16           39.     The foregoing acts and omissions of Mercury constitute

17   numerous and multiple knowing and/or willful violations of the TCPA, including

18   but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

19           40.     As a result of Mercury's knowing and/or willful violations of

20   47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble

21   damages of up to $1,500.00 for each and every call in violation of the statute,

22   pursuant to 47 U.S.C. § 227(b)(3).

23           41.     Plaintiff and all Class members are also entitled to and do seek

24   injunctive relief prohibiting such conduct violating the TCPA by Mercury in the

25   future.  Plaintiff and Class members are also entitled to an award of attorneys' fees

26   and costs.

27

28

CLASS ACTION COMPLAINT

## <u>SECOND COUNT – ON BEHALF OF THE CLASS AND SUBCLASS</u>

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47
U.S.C. § 227 *ET SEQ.***

42.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The foregoing acts and omissions of Mercury constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Mercury's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Mercury's violation of the TCPA in the future.

46.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## <u>THIRD COUNT – ON BEHALF OF THE SUBCLASS ONLY</u>

**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL.
BUS. & PROF. CODE SECTION 17200, *ET SEQ.***

1.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

2.     Mercury's practice of making telephone calls to Plaintiff and members of the Subclass on their cellular telephones via an "automatic telephone dialing system" without their prior express consent within the meaning of the TCPA violates 47 U.S.C. § 227 *et seq.*, and the Rules promulgated thereunder.

3.     Mercury's conduct described herein violates Cal. Bus & Prof. Code § 17200 *et seq.* (the "UCL") in the following respects:

a.     Mercury's hiring of and supervision of vendors employing automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

b.     Mercury's use of automated and predictive dialing techniques to harass Plaintiff and members of the Class is unlawful and a violation of the UCL.

c.     Each of Mercury's violations of the TCPA and Rules constitute a separate and independent violation of the UCL because such conduct was illegal and unfair competition within the meaning of the UCL.

4.     The harm to Plaintiff and the Subclass arising from Mercury's illegal practices outweighs the utility, if any, of those practices.

5.     The illegal business practices of Mercury are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and members of the Class.

6.     Unless restrained by this Court, Mercury will continue to engage in the illegal acts and practices alleged above.

7.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Subclass are therefore entitled to:

a.     an Order requiring Mercury to cease the unlawful acts alleged herein; and

b.     payment of their attorneys' fees and costs pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Mercury:

A.     Injunctive relief prohibiting such violations of the TCPA, Rules, and the UCL by Mercury in the future;

B.     As a result of Mercury's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble

CLASS ACTION COMPLAINT

1  damages, as provided by statute, of up to $1,500.00 for each and every call that
2  violated the TCPA;

3         C.     As a result of Mercury's violations of 47 U.S.C. § 227(b)(1),
4  Plaintiff seeks for himself and each Class member $500.00 in statutory damages for
5  each and every call that violated the TCPA;

6         D.     An award of attorneys' fees and costs to counsel for Plaintiff
7  and the Class;

8         E.     An order certifying this action to be a proper class action
9  pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class
10  and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper
11  representatives of the Class, and appointing the lawyers and law firms representing
12  Plaintiff as counsel for the Class;

13         F.     Such other relief as the Court deems just and proper.

CLASS ACTION COMPLAINT

Dated: May 28, 2015

Respectfully submitted,

By: */s/ Jared M. Hartman*
    Jared M. Hartman, Esq.

SEMNAR & HARTMAN, LLP
Babak "Bob" Semnar
Email: bob@sandiegoconsumerattorneys.com
Jared M. Hartman (State Bar No. 254860)
Email: jared@sandiegoconsumerattorneys.com
Email: Bob@semnarlawfirm.com
400 South Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 234-0881
Facsimile: (888) 819-8230

MEYER WILSON CO., LPA
Matthew R. Wilson
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr.
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Franscisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff Ehsan Aghdosi and the Proposed Class*

CLASS ACTION COMPLAINT

1

2

## **DEMAND FOR JURY TRIAL**

3    Plaintiff demands a trial by jury of any and all issues in this action so triable.

4

5    Dated: May 28, 2015              Respectfully submitted,

6                                     By: */s/ Jared M. Hartman*
                                          Jared M. Hartman, Esq.

7

8    SEMNAR & HARTMAN, LLP
     Babak "Bob" Semnar
     Email: bob@sandiegoconsumerattorneys.com
9    Jared M. Hartman (State Bar No. 254860)
     Email: jared@sandiegoconsumerattorneys.com
10   400 South Melrose Drive, Suite 209
     Vista, California 92081
11   Telephone: (951) 234-0881
     Facsimile: (888) 819-8230

12   MEYER WILSON CO., LPA
     Matthew R. Wilson
13   Email: mwilson@meyerwilson.com
     Michael J. Boyle, Jr.
14   Email: mboyle@meyerwilson.com
     1320 Dublin Road, Ste. 100
15   Columbus, Ohio 43215
     Telephone: (614) 224-6000
16   Facsimile: (614) 224-6066

17   LIEFF CABRASER HEIMANN &
     BERNSTEIN, LLP
18   Jonathan D. Selbin
     Email: jselbin@lchb.com
19   250 Hudson Street, 8th Floor
     New York, NY 10013
20   Telephone: (212) 355-9500
     Facsimile: (212) 355-9592

21

22   LIEFF CABRASER HEIMANN &
     BERNSTEIN, LLP
23   Daniel M. Hutchinson
     Email: dhutchinson@lchb.com
24   275 Battery Street, 29th Floor
     San Franscisco, CA 94111
25   Telephone: (415) 956-1000
     Facsimile: (415) 956-1008

26

27   *Attorneys for Plaintiff Ehsan Aghdosi and the Proposed Class*

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT