NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHSAN AGHDASI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MERCURY INSURANCE GROUP, INC., <br><br> Defendant. | CASE NO.  CV 15-4030-R <br><br> ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Before the Court is Defendant's Motion to Dismiss, which was filed on July 7, 2015.  (Dkt. No. 11).  Having been thoroughly briefed by both Parties, this Court took the matter under submission on August 12, 2015.  (Dkt. No. 18).

Ehsan Aghdasi, Plaintiff, is a motorist who was thought to be uninsured and involved in an accident with a driver ensured by Defendant, Mercury Insurance Group.  Defendant paid the claim of their insured motorist for this accident.  Defendant believes that Plaintiff owes a debt for being at fault in this accident.

Plaintiff alleges that a third party debt collection service, Claims Resource Services ("CRS"), on behalf of Defendant, called Plaintiff's cell phone on numerous occasions in order to collect for the uninsured loss caused by Plaintiff.  Plaintiff claims that these calls violated the

Telephone Consumer Protection Act, 47 U.S.C. § 227 and California's unfair Competition Law, Business and Professional Code § 17200.  (*See* Dkt. No. 1).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The Plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . .".  *Id*.  Rule 12 of the Federal Rules of Civil Procedure allows twenty-one days for a defendant to file a responsive pleading after being served.

The FCC has unequivocally stated that "calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing" and "calls regarding debt collection ... are not subject to the TCPA's separate restrictions on 'telephone solicitations.' " *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶ 11 (Jan. 4, 2008).  A creditor may be held liable for "autodialed or prerecorded message calls to wireless numbers" for any violation of the Commission's rules." *Id.* at 561.  "Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *Id.* at 565.  "Indemnity may be automatic under ¶ 10 of the 2008 TCPA Order, which states that calls placed by a third party collector on behalf of a creditor are treated as having been made by the creditor itself." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 642 (7th Cir. 2012).

California's Unfair Competition Law has three prongs: unlawful, unfair and, and fraudulent.  *Id.*  A violation of California's Unfair Competition Law claim based on an unlawful business practice borrows violations of other laws and treats these violations as independently

1 actionable. *Farmers Ins. Exchange v. Superior Court,* 2 Cal. 4th 377, 383 (1992). If a plaintiff does not allege that a defendant violated a predicate law, then the plaintiff has not stated a California's Unfair Competition Law claim under the unlawful prong. *Blanks v. Shaw,* 171 Cal. App. 4th 336 (2009) (failure to show violation of predicate law bars a California Unfair Competition Law action for unlawful conduct).

Defendant's position is premised on case law regarding telemarketing rules and violations of the TCPA. (*See generally* Dkt. No. 11, 16). However, Plaintiff alleges that Defendant is liable under the TCPA's debt collection provisions because CRS is a debt collection agency. (*See* Dkt. No. 1 at ¶15-16). As the FCC has made clear, the two areas of telemarketing and debt collection are distinct and governed by different rules regarding automatic attachment of liability through use of third-parties to make such calls. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd.at, 565, ¶ 11. Because Plaintiff alleges that the calls made here were intended to collect a debt and were not a mere solicitation, they are governed by case law regarding debt collection and violations under the TCPA.

Under governing case law, because Plaintiff alleges the debt collection calls to Plaintiff were made on Defendant's behalf, then Defendant could be held liable as if it made the calls itself. *Id.* at 561. Plaintiff has sufficiently pled its allegations of TCPA violations against Defendant.

Plaintiff alleges that Defendant violated the California's Unfair Competition Law ("UCL") Business and Professional Code § 17200. Defendant asserts that Plaintiff's UCL claim fails because it is wholly derivative of the TCPA claims. Applying Defendant's own logic, because Plaintiff's TCPA claims endure, so must Plaintiff's UCL claims.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is DENIED. (Dkt. No. 11).

Dated: August 18, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE